**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CASTLE ROCK HOLDINGS LLC d/b/a | § | |
| MUTHER EARTH | § | |
| 27003 A HUFSMITH CONROE RD. | § | |
| MAGNOLIA, TEXAS 77354 | § | |
| | § | |
| Plaintiff | § | CASE NO. CIV 26-cv-03580 |
| | § | |
| v. | § | |
| | § | |
| VERTICAL TRADING LLC | § | |
| 501 N. BRIDGE ST. PMB 707 | § | |
| HIDALGO, TEXAS 78557PA 18411-0268 | § | |
| | § | |
| Defendant | § | |

**COMPLAINT**
**(Injunctive Relief Requested)**

Pursuant to F.R.C.P. 15, Plaintiff Castle Rock Holdings LLC d/b/a Muther Earth ("Plaintiff")

brings this complaint against Defendant Vertical Trading LLC ("Defendant") for damages and

injunctive relief and allege as follows:

**I. JURISDICTION**

1.     Jurisdiction is specifically vested in this Court pursuant to the Perishable Agricultural

Commodities Act, 7 U.S.C. §499e(c)(5)(i).

**II. VENUE**

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions

which are the subject of this action occurred in this district.

**III. PARTIES**

3.     Plaintiff is a Texas-based limited liability company engaged in the business of selling

wholesale quantities of fresh fruits and vegetables through interstate commerce.

4.      Defendant is a corporate entity with a principal place of business of 501 N. Bridge St., Hidalgo, Texas 78557.  The registered agent and the registered agent's address for Defendant are Carlos Corona, 501 N. Bridge St., Hidalgo, Texas 78557.  Defendant was at all times relevant herein acting as a dealer and/or commission merchant of perishable agricultural commodities in the state of Texas and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499, *et seq*. ("PACA"), and the Code of Federal Regulations promulgated thereunder.

## IV. CLAIMS FOR RELIEF

### COUNT I

### (Failure to Maintain Trust)

5.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

6.      At Defendant's request, Plaintiff sold to Defendant, on credit, perishable agricultural commodities, as follows:

| Recipient | Dates of Transactions | Commodities | Total Amount Sold | Total Amount Unpaid |
|---|---|---|---|---|
| Vertical | 02-Mar-2026 | Broccoli | $16,195.20 | $16,195.20 |
| Vertical | 04-Mar-2026 | Carrots | $13,600.00 | $13,600.00 |
| Vertical | 09-Mar-2026 | Broccoli | $20,384.00 | $20,384.00 |
| Vertical | 19-Mar-2026 | Carrots | $23,100.00 | $23,100.00 |
| Vertical | 19-Mar-2026 | Broccoli | $18,748.80 | $18,748.80 |
| Vertical | 27-Mar-2026 | Carrots | $22,825.00 | $22,825.00 |
| Vertical | 03-Apr-2026 | Carrots | $21,725.00 | $21,725.00 |
| Vertical | 03-Apr-2026 | Broccoli | $20,084.25 | $20,084.25 |
| Vertical | 03-Apr-2026 | Carrots | $17,425.00 | $17,425.00 |
| Vertical | 03-Apr-2026 | Broccoli | $25,536.00 | $25,536.00 |
| | | **Total** | | **$199,623.25** |

7.    Plaintiff duly delivered the perishable agricultural commodities to Defendant as directed by Defendant.

8.    Defendant received and accepted the perishable agriculture commodities from Plaintiff.

9.    In contravention to the payment terms between the parties, Defendant failed to pay for the perishable agriculture commodities delivered by Plaintiff and is in default with respect to the payment of $199,623.25 outstanding to Plaintiff.

10.    Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendant, all inventories of food or other produce derived from said commodities, and the proceeds from the sale of such commodities and the assets purchased with said proceeds until full payment is made for said commodities by Defendant Verical to Plaintiff.

11.    Defendant has failed and refused to pay for the perishable agriculture commodities received from Plaintiff despite repeated demands.

12.    On each of the invoices sent by Plaintiff to Defendant, Plaintiff placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as beneficiary to the statutory trust. 7 U.S.C. §499e(c)(4).

13.    Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

14.    Upon information and belief, Defendant has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery

Page **3** of **8**

received by Defendant of perishable agricultural commodities.

15.    The failure of Defendant to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by Defendant from Plaintiff, all inventories of food or other products derived from said commodities and proceeds from the sale of said commodities, until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a result Plaintiff has suffered damages.

## COUNT II

### (Dissipation of Trust Assets)

16.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

17.    Upon information and belief, proceeds obtained by Defendant from the resale of the perishable agricultural commodities purchased from Plaintiff and received by Defendant, that were needed to make full payment promptly to Plaintiff as required by 7 U.S.C. 499b, were improperly expended for other purposes in direct violation of PACA.

18.    On each of the invoices sent by Plaintiff to produce resellers brokered by Defendant, Plaintiff placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as beneficiary to the statutory trust. 7 U.S.C. §499e(c)(4).

19.    Upon information and belief, Defendant and Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which lawfully should have been  used to pay Plaintiff's outstanding invoices, but were not.

20.    As a result of the dissipation of trust assets by Defendant, Plaintiff has suffered

damages.

## COUNT III

### (Failure to Pay Trust Funds)

21.    Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

22.    Defendant has failed and refused to pay Plaintiff $199,623.25 from PACA trust, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received and accepted by Defendant from Plaintiff.

23.    The failure of Defendant's to make said payment to Plaintiff from the statutory trust fund is a violation of PACA and PACA Regulations, and is in breach of Defendant's fiduciary duty as trustee, and, as a result, Plaintiff has suffered damages.

## COUNT IV

### (Breach of Fiduciary Duty)

24.    Plaintiff incorporates each and every allegation set forth in the preceding paragraph as if fully rewritten herein.

25.    Upon information and belief, Defendant, received in the regular course of business, funds subject to the PACA statutory trust which required to be used for the payment of Plaintiff's outstanding invoices, but were not.

26. Upon information and belief, Defendant's breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff, as required by PACA, 7 U.S.C. §499b(4).

27. As a result of the foregoing, Defendant has violated its fiduciary duties as trustee in failing and refusing to make the payments require satisfy the trust interests of Plaintiff; and, as a result, Plaintiff has suffered damages.

## COUNT V

### (Action on Account / Breach of Contract)

28. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

29. From February 24, 2026 through April 3, 206, Defendant contracted with Plaintiff to purchase perishable agricultural commodities on credit.

30. Pursuant to the payment terms between the parties, Defendant is in default to Plaintiff on amounts unpaid and outstanding.

31. Defendant breached the contract by diverting funds rightfully owing Plaintiff and failing and refusing to pay Plaintiff its outstanding balance of $199,623.25. As a result, Plaintiff has suffered damages.

## COUNT VI

### (Interest and Attorneys Fees)

32. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

33.     Pursuant to PACA, 7 U.S.C. §499e(c) and the Regulations promulgated thereunder, Defendant was statutorily required to maintain a trust such amount in favor of Plaintiff in order to make full payment to Plaintiff.

34.     As a result of the failure of Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

35.     As a result of the failure of Defendant to comply with its statutorily mandated duties to maintain the trust and make full payment promptly Plaintiff has lost the use of said money.

36.     Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and also suffer a loss of interest on the outstanding amounts owed, all because of violations by Defendant of its statutory duties to maintain the trust and make full payment promptly.

**WHEREFORE**, Defendant Muther Earth respectfully prays that this Court issue an Order:

a       granting judgment in favor of Plaintiff and against Defendant, in the amount of $199,623.25 together with pre- and post-judgment interest and the costs of this action;

b.      declaring and directing Defendant to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's trust claim of $199,623.25 plus interest for the sole and exclusive benefit of Plaintiff;

c.      enjoining, until the entry of the relief herein requested and compliance therewith, Defendant and its agents, employees and representatives from in any way, directly or indirect transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d.      declaring and directing Defendant to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for damages it has suffered and continues to suffer; and

e.      granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and

proper.

Respectfully submitted,

The Tholstrup Law Firm, L.P.
440 Louisiana Street, Suite 200
Houston, TX 77002
Phone: (713) 225-1280
Fax: (713) 583-4844


**/s/ Richard J. Tholstrup**
Richard J. Tholstrup
Attorney in Charge for Plaintiff
State Bar No. 00793079
Federal Bar No. 229921
Email: richard@tholstruplaw.com


## CERTIFICATE OF SERVICE


I certify that I sent a copy of the foregoing instrument to each attorney-in-charge listed below on the 4th day of May, 2026, with the complaint issued herein.


**/s/ Richard J. Tholstrup**